Filed 3/10/21  P. v. Gomez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HOMERO GOMEZ,<br><br>    Defendant and Appellant. | H048066<br>(Monterey County<br> Super. Ct. No. CR13746B) |

## I.     INTRODUCTION

In 1988, defendant was found guilty of second degree murder with the personal use of a firearm (Pen. Code, §§ 187, 12022.5)[1] and escape (§ 4532, subd. (b)) and in violation of the terms of his probation.  The trial court sentenced defendant to 17 years to life consecutive to three years eight months.  Defendant was 20 years old when he committed the murder.

In 2013, section 3051 was enacted to provide "a youth offender parole hearing" for eligible youth offenders.  (See Stats. 2013, ch. 312, § 4.)  The California Supreme Court subsequently held in *People v. Franklin* (2016) 63 Cal.4th 261, 284 (*Franklin*) that an eligible youth offender shall have an opportunity to "make a record of information relevant to his [or her] eventual youth offender parole hearing."

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

In 2019, defendant filed a petition for writ of habeas corpus in this court requesting a *Franklin* hearing. This court denied the petition "without prejudice to [defendant] filing a motion for a *Franklin* hearing in the court in which he was convicted."

Defendant filed a motion for a *Franklin* hearing in the trial court. After appointing defendant counsel and receiving written opposition from the prosecution, the court denied the motion, finding that defendant was not entitled to a *Franklin* hearing.

The parties agree that the trial court erred when it denied defendant's motion for a *Franklin* hearing, and we concur. Because defendant is entitled to youth offender parole hearings under section 3051, he is eligible for *Franklin*'s evidence preservation process. (See *In re Cook* (2019) 7 Cal.5th 439 (*Cook*).)

Accordingly, we will reverse the order and remand the matter for *Franklin* proceedings consistent with *Cook*.

## II.    PROCEDURAL BACKGROUND[2]

In 1988, defendant was charged by information with murder (§ 187) committed on or about May 21, 1988. The information also alleged that defendant personally used a firearm in the commission of the offense (§ 12022.5). Defendant was born in April 1968.

After a court trial, the court found defendant guilty of second degree murder with the personal use of a firearm. The court also found defendant guilty of escape (§ 4532, subd. (b)), as charged in a separate case, and in violation of probation. The court sentenced defendant to 17 years to life for murder and the personal use of a firearm plus a consecutive three years eight months for escape and the probation violation.

Defendant received his first parole suitability hearing in 2006, where parole was denied for four years. In 2011, defendant stipulated to parole unsuitability for three years; in 2014, defendant voluntarily waived his right to a parole hearing for two years.

---

[2] We do not provide a factual summary of defendant's controlling offense because the facts are not part of the record on appeal and are not relevant to the issue presented.

2

Defendant received his next parole suitability hearing in 2016, where he was denied parole for three years. In 2017, defendant was denied parole for five years.

In 2019, defendant filed a petition for writ of habeas corpus in this court requesting a *Franklin* hearing. This court denied the petition "without prejudice to [defendant] filing a motion for a *Franklin* hearing in the court in which he was convicted," and directed defendant to bring the motion under the authority of *Cook* and section 1203.01.

Defendant subsequently filed a motion for a *Franklin* hearing in the trial court. Citing *Franklin*, *Cook*, and section 1203.01, defendant requested the hearing "to develop[] the record and introduce evidence on youth related circumstances."

The prosecution filed written opposition contending that the motion should be denied because defendant had already received several parole hearings and was therefore not entitled to a youth offender parole hearing. Thus, the prosecution argued, there was "no need for record preservation for a hearing that will never take place."

The trial court denied the motion, finding that defendant was not entitled to a *Franklin* hearing "based on . . . the clear reading of the statute."[3]

### III.    DISCUSSION

Section 3051, subdivision (a)(1) provides that "any prisoner who was 25 years of age or younger . . . at the time of the controlling offense" shall receive "[a] youth offender parole hearing . . . for the purpose of reviewing the [prisoner's] parole

---

[3] The trial court did not specify the statute it was referring to in its denial order. Based on the prosecution's argument opposing defendant's motion, we presume the court was relying on subdivision (a)(2)(C) of section 3051, which defines " '[y]outh parole eligible date' " and provides that "youth offenders are entitled to their initial youth offender parole hearing within six months of their youth parole eligible date, as determined in subdivision (b), unless previously released or entitled to an earlier parole consideration hearing pursuant to any other law."

suitability."[4]  At such a hearing, the parole board "shall give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law."  (§ 4801, subd. (c).)

Section 3051 was enacted while the defendant's direct appeal was pending in *Franklin*.  (*Franklin*, *supra*, 63 Cal.4th at p. 272.)  The California Supreme Court found that sections 3051 and 4801 "contemplate that information regarding the juvenile offender's characteristics and circumstances at the time of the offense will be available at a youth offender parole hearing to facilitate the Board's consideration.  For example, section 3051, subdivision (f)(2) provides that '[f]amily members, friends, school personnel, faith leaders, and representatives from community-based organizations with knowledge about the individual before the crime . . . may submit statements for review by the board.' . . .  In addition, section 3051, subdivision (f)(1) provides that any 'psychological evaluations and risk assessment instruments' used by the Board in assessing growth and maturity 'shall take into consideration . . . any subsequent growth and increased maturity of the individual.'  Consideration of 'subsequent growth and increased maturity' implies the availability of information about the offender when he was a juvenile."  (*Franklin*, *supra*, at pp. 283-284.)

Because assembling such information was "typically a task more easily done at or near the time of the juvenile's offense" (*Franklin*, *supra*, 63 Cal.4th at p. 283), the court remanded the matter to the trial court to give the defendant an opportunity to "put on the record the kinds of information that sections 3051 and 4801 deem relevant at a youth offender parole hearing" (*id*. at p. 284).

Several years later, the California Supreme Court considered in *Cook* "whether a sentenced prisoner whose conviction is final can seek the remedy of evidence

---

[4] Subdivision (h) of section 3051 renders certain youth offenders ineligible for youth offender parole hearings, such as those sentenced under the "Three Strikes" law.

preservation"—that is, a *Franklin* hearing—"and, if so, by what means." (*Cook*, *supra*, 7 Cal.5th at pp. 446-447.) The court held that "offenders with final convictions may file a motion in the trial court for that purpose, under the authority of section 1203.01," which authorizes a trial court to "generate, collect, and transmit information about the defendant and the crime to the Department of Corrections and Rehabilitation." (*Id.* at p. 447.)

Importantly, the court observed that "[t]he Legislature's intent in enacting sections 3051 and 4801 was ' "to establish a parole eligibility mechanism that provides a person serving a sentence for crimes that he or she committed as a juvenile the opportunity to obtain release" ' upon a showing of maturation and rehabilitation. [Citation.] *Franklin* authorized postjudgment proceedings to effectuate that intent." (*Cook*, *supra*, 7 Cal.5th at p. 449.) " '[T]he statutory text makes clear that the Legislature intended youth offender parole hearings to apply retrospectively, that is, to all eligible youth offenders regardless of the date of conviction.' [Citation.] By a parity of reasoning, an evidence preservation process should apply to all youthful offenders now eligible for such a parole hearing." (*Id.* at p. 450, italics omitted.) Thus, a trial court may conduct a *Franklin* hearing even if a parole hearing has already occurred. (See *Cook*, *supra*, at p. 458 [stating that a motion for a *Franklin* hearing "should establish the inmate's entitlement to a youth offender parole hearing and indicate when such hearing is anticipated to take place, *or if one or more hearings have already occurred*" (italics added)].)

The parties agree that the trial court erred when it found defendant ineligible for a *Franklin* hearing, and we concur. Because defendant was 20 years old when he committed his controlling offense and is otherwise eligible under section 3051, he is entitled to "youth offender parole hearing[s]" (*id*., subd. (a)(1)), where the board "give[s] great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of [defendant] in accordance with relevant case law" (§4801, subd. (c)). Accordingly,

*Franklin*'s "evidence preservation process" applies to defendant. (*Cook*, *supra*, 7 Cal.5th at p. 450.)

The trial court appears to have rested its denial order on subdivision (a)(2)(C) of section 3051, which defines " '[y]outh parole eligible date' " and mandates that youth offenders be provided with an initial youth offender parole hearing within six months of their youth parole eligible date "unless previously released or entitled to an earlier parole consideration hearing pursuant to any other law." However, as defendant points out, this provision of section 3051 sets out the requisite *timing* for an initial youth offender parole hearing; it has no bearing on an offender's *entitlement* to a youth offender parole hearing or a *Franklin* hearing. And, as the Attorney General observes, "[a]lthough [defendant] cannot benefit from the particular provisions in section 3051 that advance the parole eligibility date for youthful offenders, his future parole hearings are still properly consider[ed] youth offender parole hearings, and *Franklin* and *Cook* still apply."

For these reasons, we conclude that the trial court erred when it found defendant ineligible for a *Franklin* hearing and remand the matter for proceedings consistent with *Cook*.[5] (See *Cook*, *supra*, 7 Cal.5th at p. 450.)

---

[5] The Attorney General asserts that the trial court could properly deny defendant's motion for a *Franklin* hearing if it determines that the hearing would be an idle act. The California Supreme Court stated in *Cook* that "[a]lthough *Franklin* mandates an opportunity for evidence preservation, the trial court may 'exercise its discretion to conduct this process efficiently, ensuring that the information introduced is relevant, noncumulative, and otherwise in accord with the governing rules, statutes, and regulations.' [Citation.]" (*Cook*, *supra*, 7 Cal.5th at p. 459.) The court also noted that a trial court "may consider whether a *Franklin* proceeding is likely to produce fruitful evidence considering such factors as the passage of time and whether the offender has already benefitted from the factfinding procedures set forth in section 3051, subdivision (f)(1) and (2) with the assistance of appointed counsel (§ 3041.7; Cal. Code Regs., tit. 15, § 2256, subd. (c))." (*Ibid.*) However, there is no indication in the record that defendant has had the benefit of the factfinding procedures under section 3051, subdivision (f)(1) and (2).

## IV.   DISPOSITION

The trial court's February 7, 2020 order denying defendant's motion for a *Franklin* hearing is reversed.  The matter is remanded for *Franklin* proceedings consistent with *In re Cook* (2019) 7 Cal.5th 439.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

DANNER, J.

*People v. Gomez*
**H048066**